UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
                                             :
STEVEN TRAMPOSCH,                            :
                                             :
                          Plaintiff,         :        10 Civ. 8286 (TPG)
                                             :
              – against –                    :        **OPINION**
                                             :
RONNIE HARVEY WINTER, JR., JOEY              :
WESTWOOD, JOHN WAYNE KITCHENS,               :
JON WILKES, MATT CARTER, who are             :
professionally known as THE RED              :
JUMPSUIT APPARATUS,                          :
                                             :
                          Defendants.
---------------------------------------------x

Plaintiff, Steven Tramposch, brings this action for breach of contract, unjust enrichment, etc.  Defendants have moved under Fed. R. Civ. P. 12(b) to stay this action pending resolution of a parallel proceeding brought by defendants against plaintiff in California.

The motion is denied.

## FACTS

Defendants are members of a rock band performing as "Red Jumpsuit Apparatus."  Plaintiff was the band's manager until January 2010 when the band terminated the relationship.  According to plaintiff, prior to his termination, he and defendants had a series of disputes regarding payment of commissions pursuant to the contract and

repayment of loans made by plaintiff to defendants. These disputes underlie plaintiff's complaint in this case.

In July 2010 defendants filed a complaint against plaintiff with the California Department of Industrial Relations, Division of Labor Standards Enforcement, seeking, among other things, to void their contract with plaintiff on the basis that he procured employment and engagements for defendants without a talent agent's license, in violation of § 1700, et seq., of the California Labor Code. This part of the California Labor Code deals with the representation of artists engaged in entertainment. Section 1700.5 prohibits such representation without first procuring an occupational license from the Labor Commissioner. Violations can result in partial or complete forfeiture of compensation earned through unlicensed representation.

Plaintiff was not served with the complaint in the California proceeding until February 19, 2011. In the meantime, on November 2, 2010, he filed the instant action, based on diversity of citizenship jurisdiction, making various claims under New York common law, including breach of contract, non-payment of on-demand loans, unjust enrichment, etc.

Defendants moved to stay this action pending resolution of the California proceeding.

**DISCUSSION**

The court's jurisdiction, prescribed by Congress, is not voluntary. Where a federal court has jurisdiction, it has a "virtually unflagging obligation" to exercise that jurisdiction, even if an action concerning the same matter is pending in state court.  Woodford v. Community Action Agency of Greene County, Inc., 239 F.3d 517, 522 (2d Cir. 2001).  Only in a rare class of cases will a federal court stand down in favor of a parallel state action.  This case is not in that class.

Defendants rely on three Supreme Court cases dealing with abstention by federal courts.

Buford Abstention

The abstention doctrine announced by the Court in Burford v. Sun Oil Co., 319 U.S. 315 (1943), applies only to cases where federal review would disrupt the establishment of a coherent state policy with respect to a matter of substantial public concern.  Such abstention has been confined to cases involving complex state regulatory regimes such as utilities, mineral extraction, and insurance.  See, e.g., Levy v. Lewis, 635 F.2d 960 (2d Cir. 1980).

The instant case involves New York common law claims for breach of contract, failure to repay loans, etc.  Defendants, in the California action, claim plaintiff was operating without a license in violation of California law, thereby voiding the contract.  This same claim will likely

be made as a defense in the instant action.  The court has little doubt that it can resolve these issues without disrupting California's policy regarding talent agents.  Furthermore, occupational licensing of this sort is not a "complex state regulatory regime" like insurance or utility regulation.

Thus, <u>Buford</u> abstention is inappropriate.

Younger Abstention

Invocation of the abstention doctrine established by the Court in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), in this case is quixotic and easily disposed of. Outside of criminal proceedings, <u>Younger</u> abstention is only appropriate when *a state* is seeking to vindicate its "vital concerns" such as enforcement of contempt proceedings or the fiscal integrity of public assistance programs.  <u>See</u> <u>Levy</u>, 635 F.2d at 965.  There is nothing to suggest that <u>Younger</u> abstention is appropriate in this case.

Colorado River Abstention

In <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976), the Court approved of federal court abstention in favor of a parallel state proceeding when warranted by "exceptional circumstances."  Various factors must be considered, "with the scale weighted in favor of jurisdiction and with the burden of persuasion resting on the party opposing the exercise of federal jurisdiction." <u>Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York</u>, 762 F.2d 205,

210 (2d Cir. 1985).  The court in the present case need not conduct an exhaustive analysis of the "exceptional circumstances" factors.  The California proceeding deals only with the validity of the contract and not, for instance, with the claim of unpaid loans presented in the federal court case.  Thus the California proceeding will not result in "comprehensive disposition of litigation."  This factor alone prevents a stay of the present action.  See Woodford v. Community Action Agency of Greene County, Inc., 239 F.3d 517, 522 (2d Cir. 2001).

Thus, there is no basis abstention in this case under Colorado River.

## CONCLUSION

Defendants' motion for a stay is denied.

This disposes of the motion listed as document 5 on this docket.

Dated:  New York, New York
       May 25, 2011

Thomas P. Griesa
U.S.D.J.